JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 14853
JACOB OPERSKALSKI
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-5087
Jacob.Operskalski@usdoj.gov
*Attorneys for United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JUAN ANGEL REYES,<br><br>  Defendant. | Case No.: 2:20-CR-000156-RFB<br><br>Government's Sentencing Memorandum and Response to Juan Angel Reyes' Sentencing Memorandum (ECF No. 429) |

The United States of America hereby files this sentencing memorandum and response to Juan Angel Reyes' Sentencing Memorandum, ECF No. 429, in the case against Juan Angel Reyes. The Presentence Investigation Report ("PSR") recommends a 70-month sentence to be followed by three years of supervised release. For the reasons stated herein, the government recommends a sentence of 41 months to be followed by three years of supervised release.

### I.   Factual and Procedural Background

On January 6, 2020, Reyes and his fellow MS-13-member coconspirators sold 825.8 grams of actual methamphetamine to Confidential Informants in exchange for four-thousand dollars, and a three-hundred dollar broker fee to Escalante-Trujillo.

On February 23, 2023, Reyes pleaded guilty pursuant to a plea agreement, ECF No. 320,

to a one-count Superseding Information, charging him with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. ECF Nos. 318 and 322. Reyes admitted to his role in this methamphetamine distribution conspiracy. Sentencing is currently scheduled for July 13, 2023.

## II.   Guideline Calculations

Pursuant to U.S.S.G. § 2D1.1(c)(3), the Base Offense Level based on the amount of narcotics attributable to Reyes (825.8 grams of actual methamphetamine) is 34. PSR ¶ 78. The PSR accurately subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). PSR ¶¶ 85-86. This results in Total Offense Level of 31.  PSR ¶ 87.[1]

Reyes refuses to meet with the government in order to provide information or evidence pertaining to his offense, so he fails to meet eligibility for "safety valve" pursuant to 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2. Accordingly, he is ineligible for the two-point reduction under U.S.S.G. § 2D1.1(b)(18).

In the plea agreement, the government agreed to advocate for a four-point downward variance as part of a group plea offer. ECF No. 320 at 8. Reyes has met the requirements for this benefit, which brings his offense level to 27. The plea agreement also stipulates that the parties will advocate for a three-point downward variance. *Id*. at 11. The resulting offense level is 24.

In light of the United States Sentencing Commission's proposed amendment to § 4C1.1 to lower the base offense level for Zero Point Offenders by two levels, the Government recommends an additional two-level downward variance to the defendant's base offense level

---

[1] The government has no legal objections to the PSR, but raises factual points that do not affect this defendant in a meaningful way, but should nonetheless be addressed:
¶10: "Pelan" should be deleted;
¶53 "Adali Arnulfo Escalante-Trujillo, aka 'Buchaka,'" should be deleted;
¶58 "and Eder Cruz-Salguero, aka 'Edgar Manolo Ramirez-Salguero' and 'Venado,'" should be deleted.

after the Court has calculated and applied the Guideline range. After the application of the three separate variances, the Total Offense Level is 22. Reyes is in Criminal History Category I, so the applicable range is 41-51 months.

### III.  Argument

A custodial sentence of 41 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, provide just punishment and to protect the public where Reyes helped facilitate the distribution of methamphetamine as part of his role in a drug selling, gang-operated conspiracy.

The framework for determining an appropriate sentence is set forth in 18 U.S.C. § 3553(a), which requires that the Court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense and promote respect for the law; (4) the need to afford adequate deterrence; and (5) the need to avoid unwarranted sentencing disparities. The government highlights the following considerations.

### A. Seriousness of the offense

Juan Angel Reyes knowingly provided support for a methamphetamine sale with his fellow gang members. In doing so, he furthered the goal of this drug distribution conspiracy. Drug trafficking organizations depend on actors just like Reyes to protect and transport contraband; Reyes actions in this case were for the benefit of MS-13 and supported its goal of distributing narcotics in Nevada for profit.[2]

---

[2] In trying to draw a contrast between Reyes and Eder Cruz-Salguero, Reyes' sentencing memorandum states that Cruz-Salguero was part of a transaction where drugs "made it to the streets and were sold throughout the community." ECF No. 429 at 17-18. This assertion appears to be a misunderstanding. Drugs that were sold to the Confidential Informants in the transaction Reyes appears to be referencing were seized by the government. Furthermore, the case against Eder Cruz-Salguero was dismissed.

3

Trafficking in methamphetamine is not a victimless crime. As a conspirator in that enterprise, Reyes contributed to a trade that perpetuates overdoses, violence, and addictions; and ruins lives and entire communities. The sentence imposed should reflect the dangers of methamphetamine trafficking, especially when it is done on behalf of a criminal organization.

**B. The history and characteristics of the defendant**

Juan Angel Reyes is before the Court to be sentenced for his role in a drug trafficking conspiracy, but since his arrest in this case, he has continued to demonstrate his allegiance to the violent, criminal lifestyle of his MS-13 gang. While in custody, Reyes incurred four separate disciplinary infractions for Assault/Battery. PSR ¶ 9. Following one of those occasions, counsel for the government and for Reyes were informed that Reyes was involved in an especially violent assault on September 15, 2022. On that date, Reyes and one of his fellow MS-13 codefendants punched the victim with closed fists while another MS-13 assailant attacked the victim with sharpened metal.

Reyes acted to support his criminal organization on the date of his offense conduct, January 6, 2020, and since then, he has demonstrated a continued devotion to the perverse goals of MS-13. The sentence imposed should serve to deter Reyes from continuing his current criminal trajectory.

**C. A further downward departure or variance is not warranted**

Based on the totality of the circumstances in this case, Juan Angel Reyes was afforded a plea agreement with a three-level downward variance in addition to the group plea variance (and the government is now also recommending another variance as stated above). The plea agreement also allowed Reyes to be charged and sentenced pursuant to 21 U.S.C. §§ 841(a)(1) 841(b)(1)(C), and 846, which does not invoke a mandatory minimum sentence. At sentencing, the government will move to dismiss Count Two and Count Eleven of the Indictment as to this

defendant; both of those counts carried a mandatory minimum sentence of ten years imprisonment.

Some of the mitigating factors raised by Reyes in his sentencing memorandum help justify the sentencing recommendation at the bottom of the applicable range following application of the variances. However, there is no sufficient basis to support an additional downward variance below a 41-month term of imprisonment.

**D. Supervised release**

The government requests that the court impose the recommended three-year term of supervised release with the standard and special conditions recommended by the United States Probation Office. If Reyes remains within the United States following his term of imprisonment, the recommended conditions are likely to aid in his rehabilitation and reentry. The government also requests a condition that Reyes be required to work or partake in community service if he is not deported automatically. If Reyes is not deported from the United States, such a condition could serve to bring positive influences into Reyes' life that may help him turn away from the negative influences that foster his allegiance to MS-13.

\\

\\

\\

\\

**IV.     Conclusion**

The United States requests that this Court sentence Juan Angel Reyes to 41 months' custody, followed by three years of supervised release. This sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing.

Dated this 10th day of July, 2023.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

*/s/ Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney